IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Mark E. Hurst,** | : | |
| | : | Case No. 2:17-cv-686 |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | Magistrate Judge Vascura |
| **Detective Wayne Moore,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## **OPINION & ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

On August 19, 2015, Plaintiff, Mark E. Hurst, was notified by Defendant, Detective Wayne Moore, that he was in violation for failing to register with Ohio's Sexual Offender or Child-Victim Offender Notice Database (SORN) and that he needed to report to the Licking County Sheriff's Office immediately to be registered. (ECF No. 3 at ¶ 13). Before reporting to the Sheriff's Office, Plaintiff drove to his home to retrieve a "Judgment and Opinion" of the Licking County Appellate Court, in which he asserted the court cleared him of his sex offender status. (ECF No. 3 at ¶ 13). Despite the "Judgment and Opinion," and against Plaintiff's protests, Defendant gave Plaintiff a date by which he needed to register on SORN. (ECF No. 3 at ¶¶ 13-17). Still in protest, Plaintiff registered on SORN with Defendant on November 3, 2015. (ECF No. 3 at ¶ 21).

On January 6, 2016, Plaintiff filed a state law claim of defamation against Defendant alleging that Defendant erroneously required him to register on SORN. (ECF No. 3 at ¶ 22).

1

Following discovery, the trial court determined that Defendant was entitled to summary judgment on January 5, 2017. (ECF No. 3 at ¶ 22; *Hurst v. Licking County, Ohio Sheriff's Department Sex Offender Compliance Officer, et al.*, Licking Ct. Com. Pl. Case No. 16CV00007 (Judgment Entry Sept. 18, 2017). Both Plaintiff and Defendant appealed the decision to Ohio's Fifth Appellate District Court of Appeals. (ECF No. 3 at ¶¶ 25, 28). On August 15, 2017, Ohio's Fifth Appellate District Court of Appeals ruled that the trial court erred in dismissing Plaintiff's defamation claim by summary judgment, but also erred in denying Defendant statutory immunity pursuant to R.C. § 2744. Hurst v. Moore et al., 2017-Ohio-7238 (5th App. Dist. Aug. 15, 2017). Upon remand, the Licking County Court of Common Pleas entered judgment in favor of Defendant on September 18, 2017. (ECF No. 9, Ex. A). While his state actions were still pending, Plaintiff filed his Complaint with this Court on September 12, 2017. (ECF No. 3).

## II. STANDARD OF REVIEW

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### III. ANALYSIS

Defendant asserts that Plaintiff's claims are barred by the doctrine of res judicata and thus, must be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9). A res judicata defense can be raised in a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *DeNune v. Consol. Cap.of N. Am., Inc.*, 288 F. Supp. 2d 844, 852 (N.D. Ohio 2003). To determine the preclusive effect given "to a prior state court judgment, federal courts must give the same effect to that judgment as would be given it under the law of the state that rendered the judgment." *City of Canton, Oh. v. Maynard*, 766 F.2d 236, 237 (6th Cir. 1985). With respect to Ohio's claim preclusion under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). In essence, Ohio's res judicata doctrine bars "all claims which were *or might have been* litigated in a first lawsuit." *Id.* (quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990)).

Ohio's rule has been specifically applied to actions brought pursuant to 42 U.S.C. § 1983, too. *Longstreth v. Franklin Cty. Children Servs.*, No. 93-3190, 1993 WL 533484, at *3 (6th Cir. 1993). In *Longstreth*, the plaintiffs brought a state court action asserting claims of wrongful death and negligence. *Id.* at *4. The plaintiffs subsequently attempted to bring a § 1983 claim in federal court asserting a constitutional violation. *Id.* According to the court, because both claims were based on the same facts and because the plaintiffs could have brought their § 1983 claim

alongside their state law claim, their § 1983 claim was barred by the doctrine of res judicata. *Id.* Moreover, the court recognized that "[t]he most accurate test for deciding if two cases are based on the same cause of action is whether different proof is required to sustain them." *Id.* at *3 (quoting *State ex rel. White v. Franklin Cty. Bd. Of Elections*, 600 N.E. 2d 656, 658 (Ohio 1992).

In this case, Plaintiff asserts that his § 1983 claim is not barred, because he never raised it before the state courts. (ECF No. 18 at 3). He argues that he was unable to bring this cause of action alongside his state claims because he did not have the information necessary to bring the claim—that is, he did not know Defendant would be found immune in his personal capacity from defamation liability. (ECF No. 18 at 3). However, this does not affect the res judicata analysis. The viability of § 1983 claims does not turn on whether a claim is brought against an individual in his official capacity or personal capacity; either can be brought, if pled accordingly. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, Plaintiff was not prevented from bringing his § 1983 claim before the state court based on the question of Defendant's immunity.

Indeed, Plaintiff's state law claim and § 1983 claim are based on the same operative facts, namely Defendant's conduct on August 19, 2015 requiring Plaintiff to register on SORN. (ECF No. 3 at ¶¶ 13-17). In his state court action, Plaintiff brought a claim of defamation against Defendant for requiring him to register as a sex offender on SORN. (ECF No. 3 at ¶ 22). In this § 1983 action, Plaintiff asserts that he was constitutionally deprived of Due Process and denied "personal [l]iberties" because Defendant required him to register on SORN. (ECF No. 3 at 14). Because Plaintiff's state claim of defamation and § 1983 rely on the same necessary facts and because Plaintiff could have brought his § 1983 claim alongside his state claim, his § 1983 claim is barred under the doctrine of res judicata.

4

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**. This case is hereby **DISMISSED in its entirety.**

**IT IS SO ORDERED.**

                                                  _s/ Algenon L. Marbley_
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED: March 18, 2019**